**R. SPENCER, t/a Spencer Company,
Appellant,**

v.

**AMBASSADOR CONTRACTORS, INC.,
Appellee.**

No. 2195.

Municipal Court of Appeals for the
District of Columbia.

Argued June 23, 1958.

Decided July 25, 1958.

------◆------

William A. Robinson and Wesley S. Williams, Washington, D. C., for appellant.

Robert J. Stanford, Washington, D. C., with whom Donald Cefaratti, Jr., and Michael T. Kitsoulis, Washington, D.C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

The trial court entered a judgment against the appellant on the complaint filed against him for breach of an oral building contract entered into by him with the appellee, wherein as the latter's subcontractor he agreed to erect a building pursuant to a written contract between the appellee and one Houlis on land owned by the latter.

The principal contentions of the appellant are that the trial court should have found that the contract between the appellant and the appellee had been rescinded by the former; that the written contract between the appellee and Houlis had not been properly proven; and that the findings are contrary to the evidence and applicable law. We rule that the record in this court answers these contentions adversely to the appellant.

The details of the controversy and the facts found by the trial court disclose that on April 26, 1957 the appellee entered into a written contract with Houlis to construct a building on land owned by the latter for $3,700; that on May 15, 1957 the appellee employed the appellant as a subcontractor, under an oral contract, to erect the building for $2,600 in accordance with the specifications of Houlis and to prepare the plans and obtain the necessary building permit; that pursuant to the agreement between the appellant and appellee the latter employed an architect to prepare the plans in accordance with the agreed-upon specifications so that the building permit might be secured; that the architect prepared the plans and secured the required official approval on August 8, 1957; that subsequent to the latter date appellant informed appellee that he could not commence the construction of the building because the plans had not been approved; that appellant at no time informed appellee that the plans had been approved by the District authorities on August 8; that appellant not only failed to perform his contract with appellee but without the latter's knowledge entered into a contract directly with Houlis:

to construct the building for him; that it was not until the latter part of August or early September that appellee learned that appellant had contracted directly with Houlis for the construction of the building; that appellant had breached his contract with the appellee and that the latter had suffered damages in the amount of $1,100.

It is apparent that the main thrust of counsel for the appellant is that the court should have believed his client's evidence and not that of the appellee. This, of course, was a matter for the sole determination of the trial judge; he obviously believed the witnesses for the appellee. That being so, the court was justified in finding for the latter.

Affirmed.